### NORMAN ROSHOLT v. C. M. NELSON.[1]

October 23, 1931.

No. 28,555.

*Ole J. Vaule* and *William P. Murphy,* for appellant.
*Grady & Grady,* for respondent.

[1]Reported in 238 N. W. 636.

HILTON, J.

Plaintiff appeals from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial.

Plaintiff, as executor of the estate of his deceased wife, Gertrude M. Rosholt, who died June 18, 1930, brought this action on October 30, 1930, to recover on a promissory note for $200, dated December 10, 1923, due November 1, 1924, signed by defendant and payable to the order of the State Bank of Climax. The execution and delivery of the note is admitted.

In his complaint plaintiff alleges that before maturity (on March 7, 1924) the note, for a valuable consideration, was sold and assigned by the bank to Gertrude M. Rosholt; that no part of the note had been paid excepting the sum of $5.33 paid thereon February 13, 1926.

The answer among other things placed in issue the allegations relative to the sale and assignment of the note. Following a charge, not excepted to, the jury by its verdict in defendant's favor found that there had been no such sale and assignment.

Mr. Rosholt for upwards of 20 years had been the cashier and managing officer of the State Bank of Climax. His wife was at one time a director of the bank. The bank, by reason of insolvency, suspended business at noon on March 8, 1924, and was taken charge of by the commissioner of banks for liquidation. At that time defendant had a balance of $411.38 in his checking account in the bank. The bank is still in process of liquidation. No dividends have been paid.

Rosholt testified that on March 7, 1924, his wife purchased of the bank the note here in question, and also purchased a $100 note against another party and gave in payment for the two notes a check of one Davidson for $300, dated a few days previously. The check was not put in evidence. An item in Davidson's account sheet at the bank, kept by Rosholt, shows a $300 check debit. Rosholt does not know whether the check was payable to himself or to his wife.

There was in the bank a note of Davidson's for $9,921.54, payable to the bank, secured by a real estate mortgage. The note bore

the plain indorsement of the bank, "by Norman Rosholt, Cashier." The $300 check was for a payment on that note. Plaintiff testified that the note given by Davidson to the bank had been purchased by his wife, although retained in the bank, and that the $300 check in question really belonged to his wife. Whether such was the fact, in view of other circumstances appearing in the record, was for the jury.

Mrs. Rosholt was not in the bank on March 7, 1924. Rosholt claims that as managing officer of the bank he sold and transferred on that date the note sued upon to her. There is no written record to show that the note was transferred to Mr. Rosholt. Rosholt gave his personal check to the bank (payable to "Int.") for $4.55 to cover the interest on the $200 and $100 notes up to March 7.

About three weeks after the bank closed Rosholt told defendant that he (Rosholt) held the note and asked for a payment thereon. Defendant declined to make payment and stated in substance that what money he had was in Rosholt's bank.

Plaintiff had indorsed a payment of $5.33 on the note, claiming that Nelson had given him potatoes worth that amount and told him to indorse it on the note. This was denied by defendant.

Mrs. Rosholt never told defendant that she owned the note and never made any effort to collect it, nor did Rosholt, other than the demand above referred to, three weeks after the bank closed.

If the note was sold and transferred to anyone, on the record in this case, it is more consistent with Rosholt's ownership of the note than that it was owned by his wife.

A fact issue in the case was as to whether plaintiff was in the bank on March 7, 1924. He testified that he was; however, in the trial of another action some time previously he testified that he was in St. Paul on all of March 7 and the day following. Some of his testimony on that issue was proved to be incorrect by documentary evidence.

Certain circumstances disclosed by the evidence, not specifically above referred to, might properly have influenced the jury in deciding adversely to plaintiff.

Upon conflicting evidence the jury found for defendant. There was ample evidence justifying the conclusion that the note was not sold and transferred to Mrs. Rosholt before the bank closed. The verdict must stand.

We have examined the assignments of error in respect to an instruction of the court relative to the right of defendant to a set-off, in case the bank still owned the note, because of the money defendant had in the bank at the time of its failure. On the state of the record no ground for reversal exists.

Affirmed.